### S. S. WHITE DENTAL MFG. CO. v. MITCHELL.

(Circuit Court, E. D. New York. July 8, 1911.)

1. INJUNCTION (§ 56*)—TERMINATION OF EMPLOYMENT—TRADE SECRETS—DISCLOSURE—INJUNCTION.

In a suit to enjoin a servant from disclosing trade secrets, consisting of specific methods or secret processes for the manufacture of commercial oxygen, it was no objection to the issuance of an injunction that plaintiff failed to point out any specific methods or secret processes which it was proposed to enjoin defendant from disclosing, since the general provision of the order prohibiting action in violation of defendant's contract of employment would be no more indefinite than was the threatened injury, and, if the injunction were enforceable at all, it would be enforceable as well against any disclosure as against any particular process or device.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. § 110; Dec. Dig. § 56.*]

2. INJUNCTION (§ 56*)—DISCLOSURE OF TRADE SECRETS—DEFENSES—ULTRA VIRES.

In a suit to enjoin a servant from disclosing trade secrets pursuant to his contract of employment after the termination thereof, it was no defense that the manufacture of the article of commerce to which the secrets related, by plaintiff, was ultra vires.

[Ed. Note.—For other cases, see Injunction, Dec. Dig. § 56.*]

3. INJUNCTION (§ 56*)—THREATS—DISCLOSURE OF TRADE SECRETS.

Where a servant, having agreed not to disclose trade secrets learned while in complainant's employ, had terminated his contract and taken employment with another concern in the same line beyond the court's jurisdiction, and denied that he intended to violate his contract, an injunction restraining him from doing so would not be granted as a threat; defendant being as much bound by his contract not to disclose after taking up his new employment as before, and subject to suit for the violation thereof in the jurisdiction in which such breach, if any, might occur.

[Ed. Note.—For other cases, see Injunction, Dec. Dig. § 56.*]

In Equity. Bill by S. S. White Dental Manufacturing Company against George D. H. Mitchell to restrain defendant from communicating trade secrets after the termination of his employment by complainant. Dismissed.

Alfred T. Davison, for complainant.

Edward S. Brownson, Jr. (De Witt V. D. Reiley, of counsel), for defendant.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

CHATFIELD, District Judge. The defendant has been for a number of years in the employ of the complainant company. Some months since he gave notice of terminating that employment, and exhibited a contract under which he was to enter the employment of a firm in a Western city, to build, put in operation, and conduct a plant for the making of oxygen for commercial use. The complainant, in connection with its manufacture of dental supplies, has been making oxygen for medical purposes, and has sold some of that product for ordinary commercial uses, some of which are not within medical lines.

There is a grave dispute between the complainant and the defendant as to whether or not the defendant had knowledge of processes for making oxygen prior to his employment by complainant. The complainant alleges in its complaint and affidavits that it has a number of secret processes, and particularly of secret machines, developed partly by the defendant and partly by other employés of the complainant, and that the defendant is threatening to disclose and make use of these in such a way as to publish or furnish to competitors such secret processes and secret machinery for getting profitable results in the manufacture of oxygen.

The defendant, like other employés, had made a contract to give to the complainant the advantage of anything which he might discover while in their employ, and to keep secret whatever he learned during or by means of such employment. The complainant alleges in its bill of complaint that, if the defendant is allowed to make use of anything in violation of this contract, the injury will be irreparable, because of the loss of secrecy thereby caused. The defendant alleges an attempt merely to use a method of producing oxygen made known in this country by the inventors, Du Motay and Marechal, by United States letters patent No. 70,705, on November 12, 1867.

The defendant points to a clause in the contract which he has made with his new employers, under the provisions of which he is to install a plant, using this old patented, but now freely available, process. The complainant answers this by calling attention to a provision in the contract that this old patented process (the Tessie du Motay and Marechal process) is to be used, "or any other process devised and put into successful operation by Mitchell," and "unless the parties hereto shall agree in writing upon such other process."

[1] The defendant further objects that the complainant does not point out any specific methods or secret process which this court is in a position to enjoin the defendant from disclosing, and hence that the injunction order would be so indefinite as to be void. But if an injunction order were possible, or a situation shown in which it should be granted, this objection would fail, inasmuch as the general provision of the order prohibiting action in violation of a contract would be no more indefinite than is the threatened injury; and if such an injunction were enforceable, it would be enforceable against any disclosure, as well as against the disclosure of some particular process or device.

[2] The defendant also alleges that the complainant is not entitled under its charter to manufacture oxygen for commercial purposes outside of the dental trade. But it does not seem that the doctrine of

ultra vires is applicable in this situation. A man can be restrained from breaking a contract, even though the state might have an interest in the transactions of one of the parties to the contract (unless the subject-matter had to do with an illegal transaction); and whether a contract with the company with relation to the sale of the product might or might not be avoided, if the defense of ultra vires be interposed, nevertheless, a person cannot justify his own breach of contract as to a matter entirely within the authority of the corporation, because incidentally something outside of its charter powers might at the same time be going on. In other words, the complainant company might have secret processes which it did not use, and which it could not use, but yet which the defendant would not have the right to disclose; and he could not defend himself by saying that the complainant would not be allowed to put these processes to profitable use and that for this reason saw fit to appropriate to himself their property.

[3] The question therefore comes back on this application for a preliminary injunction (which has been pending with a restraining order against the defendant for some time) to the general question of whether the complainant shows any action violative of his contract right from which irreparable injury is likely to result, and which is actually threatened or is about to occur within this court's jurisdiction by the defendant's actions.

As to this, it must be held that the complainant does not, either by his complaint, treated as an affidavit, nor the other affidavits submitted, show a situation upon which an injunction should issue. The defendant is bound, just as much as if he were enjoined by this court, to respect the legal rights of the complainant. He is bound to keep secret any processes which he learned while in complainant's employ, and which he agreed should be their property and not disclosed by him. An injunction (as has been suggested) would do him no harm, in the sense of not interfering with what he had a legal right to do. But, on the other hand, an injunction would not enlarge the complainant's rights, and would not protect them in the least; for the defendant would still have the right to enter into his new employment, and, inasmuch as the papers show that the new contract is to be performed outside of the territorial jurisdiction of this court, the only effect of an injunction would be that if the defendant at any time returned into the court, or appeared as a party or witness at final hearing, he could be punished, but the disclosure would have been made and the damage would have been done.

Under such circumstances, the court is not willing to grant an injunction order purely as a threat, or to hold that a man is intending to do what he says he is not intending to do, when there is nothing to determine the matter other than the contradictory statements of the parties.

The complainant is perfectly free to apply for an injunction at the place where the defendant begins his work if he attempts anything there which will be violative of his contract rights. The relief asked by the complaint in this action, namely, a permanent injunction, is

substantially equivalent to that which is asked on preliminary motion; but up to the present time no action or attempted action on the part of the defendant is shown which will be a violation of any contract right that the court can definitely ascertain. Whether or not, at final hearing, the fact that the parties are present before the court and that some injury is imminent may make an action in this jurisdiction more effective than in some other, need not be considered now. The injunction asked for would seem to be of no benefit, and it does not seem that the court should issue an order merely requiring a man in terms to avoid doing anything which he ought not to do, because, if he did begin the illegal or wrongful act, he would then and there be subject to injunction.

Motion denied.